UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR TSUPKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01210-TWP-KMB |
| | ) | |
| KINETIC ADVANTAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on a Motion to Dismiss or Alternatively to Stay Proceedings (the "Motion") filed by Defendant Kinetic Advantage, LLC ("Kinetic") (Filing No. 52) and Plaintiff's Rebuttal and Motion to Strike Defendant's Notice and Request for Sanctions Pertaining to Non-Existent Case Law (Filing No. 57) filed by *pro se* Plaintiff Victor Tsupko ("Tsupko"). Tsupko initiated this action alleging breach of contract, breach of good faith and fair dealing, improper repossession, and other damages (*See* Filing No. 1). For the following reasons, Kinetic's Motion is **granted in part** and Tsupko's Motion is **denied**.

### I.     BACKGROUND

**A.     Factual Background**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Tsupko as the non-moving party. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In 2018, Victory Motors, Inc. ("Victory Motors"), a car dealership owned by Tsupko, entered into an agreement for a floor-plan line of credit with Kinetic—a business that provides

dealerships with floor planning—for $750,000.00 (the "Note") (Filing No. 1 at 2). Floor planning is a financing option for car dealerships to purchase inventory. *Id*. at n.1. Then, in December 2023, despite Victory Motors complying with the terms of the Note, Kinetic froze the account. *Id*. at 3. Kinetic cited dissatisfaction with the sales rate and the speed of inventory turnover as the reasons for freezing the account. *Id*.

Kinetic then suggested a verbal resolution through its agents without any written agreement that required Victory Motors to reduce its debt from $750,000.00 to $400,000.00 to reactivate the account. *Id*. In response, Victory Motors reduced its debt to $338,000.00 within two months. *Id*. However, Kinetic continued to suspend the account without providing a clear explanation on how the account could be reopened. *Id*.

Finally, on February 21, 2024, amidst a business emergency that led to Victory Motors temporarily closing, Kinetic repossessed all inventory vehicles parked on Victory Motors' premises without notice. *Id*. at 4.

**B.    Procedural History**

This case was originally filed by Tsupko and Victory Motors in the Eastern District of Virginia on March 6, 2024, alleging breach of the Note, breach of good faith and fair dealing, improper repossession of the vehicles and lack of notification of repossession (*See* Filing No. 1). The case was transferred to this Court on July 18, 2024 (Filing No. 25), and in September 2024 Plaintiff's counsel was allowed to withdraw his appearance. Because a corporation may appear in the federal courts only through licensed counsel, this Court dismissed Victory Motors as a plaintiff on December 11, 2024 (Filing No. 43). Tsupko is the only remaining plaintiff.

On May 23, 2024, Kinetic filed a lawsuit in the Hamilton County Superior Court against Victory Motors and Tsupko (the "Hamilton County Case"). *See Kinetic Advantage, LLC v. Victory*

*Motors Inc. dba Victory Motors, and Victor v. Tsupko*, 29D05-2405-PL-00574 (Ind. Super. May 23, 2024). In the Hamilton County case, Kinetic alleges breach of the Note, breach of guaranty, and conversion (*See* Filing No. 52-2). Tsupko and Victory Motors then filed counterclaims against Kinetic for breach of the Note and breach of guaranty (Filing No. 52-3 at 3). The Hamilton County Case is ongoing.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible,

the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Before addressing the merits of the Motion to Dismiss, the Court must determine whether it should abstain from exercising jurisdiction under the *Colorado River* doctrine. This doctrine stems from *Colorado River Water Conservation District v. United States* and permits federal courts to stay proceedings pending the outcome of a "concurrent state proceeding for reasons of wise judicial administration." 424 U.S. 800, 818 (1976). However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813.

"Determining whether *Colorado River* abstention should apply requires a district court to make a two-part inquiry." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). "First, the court must determine whether the concurrent state and federal actions are actually parallel. If so, the court must consider second whether exceptional circumstances justify abstention." *Id*. (internal quotation marks and citation omitted). The Court will address each part of the inquiry below.

**A.     Parallel Suits**

Two suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues." *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006) (internal quotation omitted). "In essence, the question is whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Adkins*, 644 F.3d at 499 (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)).

4

Kinetic argues that the case before the Court and the Hamilton County Case are parallel because the parties are practically the same, both cases concern the parties' dealings related to the Note, the counterclaims in the Hamilton County Case are identical to the claims in this case, and if this case proceeds, Kinetic plans to file counterclaims identical to the claims it asserts in the Hamilton County Case (Filing No. 52 at 7). The Court agrees.

The parties in the two cases are substantially similar—both parties in this case are parties in the Hamilton County Case.[1] Further, the state litigation will dispose of the relevant claims asserted in this case. Indeed, the claims asserted in this case are identical to those asserted as counterclaims in the state litigation.[2]

Tsupko does not provide a responsive argument other than merely stating that the proceedings are not parallel (Filing No. 58 at 7). As the Court will discuss later, his brief appears to have been created using some form of artificial intelligence ("AI") because the stated reason for his conclusion that the proceedings are not parallel is as follows: "the federal and state cases (if any) are not truly parallel [Plaintiff can insert distinguishing facts here, e.g. the parties or claims differ]." *Id*. Under these circumstances, the Court determines that the two lawsuits are parallel.

**B.     Exceptional Circumstances**

Having concluded that the lawsuits are parallel, the Court moves to the second step of the *Colorado River* abstention doctrine—whether exceptional circumstances are present. "[T]he court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances." *Clark*, 376 F.3d at 685 (internal quotations omitted). Those factors include:

   1)   Whether the state has assumed jurisdiction over property;

---

[1] Victory Motors is also a party in the Hamilton County case.
[2] While Tsupko asserts violations of the Virginia Code in this case, the Note makes clear that Indiana law applies without regard to any conflict of law principles (Filing No. 1-2 at 19).

    2) The inconvenience of the federal forum;
    3) The desirability of avoiding piecemeal litigation;
    4) The order in which jurisdiction was obtained by the concurrent forums;
    5) The source of governing law, state or federal;
    6) The adequacy of state-court action to protect the federal plaintiff's rights;
    7) The relative progress of state and federal proceedings;
    8) The presence or absence of concurrent jurisdiction;
    9) The availability of removal; and
    10) The vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 754 (citation omitted). No one factor is determinative. *Colorado River*, 424 U.S. at 818. "The weight to be given any one factor is determined solely by the circumstances of the particular case—there is no mechanical formula by which to determine when a stay is appropriate." *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157 (7th Cir. 1990).

    Kinetic contends that nearly every factor weighs in favor of a stay because the claims in the two cases are identical, pendency of both cases would result in piecemeal litigation and would result in conflicting rulings, no federal laws are implicated in the dispute, and there is concurrent jurisdiction (Filing No. 52 at 8). Tsupko argues that the balance of factors weighs against a stay because there is no property at issue, the federal forum is not inconvenient, and his rights would not be protected in state court (Filing No. 58 at 6). Here, the Court finds that the factors weigh in favor of abstaining from exercising jurisdiction and staying proceedings.

    First, the claims in the case before the Court are identical to those asserted in the Hamilton County case. As such, the pendency of both lawsuits is likely to result in piecemeal litigation and could bring about conflicting rulings. Indeed, although Tsupko now argues against this, he made this same argument to the Eastern District of Virginia in his Motion to Notify Court of Related Case stating, "[t]he pendency of two concurrent cases involving identical parties and similar issues poses a risk of inconsistent rulings and unnecessary duplication of judicial resources." (Filing No. 17 at 2).

Second, no federal laws are implicated in the parties' dispute. Rather, Tsupko alleges state law claims of breach of contract, breach of good faith and fair dealing, and Improper Repossession and Lack of Notification in violation of Virginia Code § 8.9A-609 and 611 (Filing No. 1 at 4–5). There is also concurrent jurisdiction, and the state court proceedings have progressed further than the proceedings in this Court. Thus, the Hamilton County Superior Court can adequately protect Tsupko's rights and has jurisdiction over all relevant claims as the Note is governed by Indiana law (Filing No. 1-2 at 19).

The Court concludes that the case before the Court and the Hamilton County Case are parallel suits, and the factors identified by the Supreme Court in *Colorado River* weigh in favor of abstaining from jurisdiction and staying the proceedings pending the outcome of the state litigation. Accordingly, the Court need not reach the merits of the Motion to Dismiss.

C.     **Tsupko's Motion to Strike and the Court's Admonishment**

On February 27, 2025, Kinetic filed a Notice of Citation to Non-Existent case law, (Filing No. 55), alerting the Court that Tsupko had provided multiple citations to cases that do not exist in his response to Kinetic's Motion to Dismiss. On March 4, 2025, the Court issued its Order admonishing Tsupko, striking his brief, and providing leave for him to refile his response due to the incorrect citations (Filing No. 56). A day later, Tsupko filed a Motion to Strike Kinetic's Notice arguing that his citations were correct and moved for sanctions against Kinetic for falsely claiming that his citations were incorrect (Filing No. 57). However, Tsupko's newly filed response makes clear that he acknowledges his citations were incorrect (*See* Filing No. 58). As such, Tsupko's Motion to Strike and Request for Sanctions is **denied** in its entirety.

Notwithstanding the above, the Court must once again admonish Tsupko as his newly filed response contains citations to non-existent case law and a review of his response indicates that he

7

is using some form AI. While Tsupko acknowledges that most, if not all, of his citations were to non-existent cases, he once again proffers non-existent case law by citing "**Barthlow v. Jett**, No. 5:21-cv-00029, 2022 WL 1210532, at ***4** (E.D. Ky. Apr. 25, 2022)" arguing that this unpublished Eastern District of Kentucky decision "supports the common-sense rule that a guarantor who must pay the debt of another can assert the legal claims that the defaulting obligor could have pursued (or seek reimbursement from that obligor)." (Filing No. 58 at 2). This case does not exist. The only cases the Court could find resembling this citation are from courts in Florida, none of which stand for the principle Tsupko asserts. *See generally Barthlow v. Jett*, 930 So.2d 739 (Fla. Ct. App. 2006); *Barthlow v. Jett*, 3:06-cv-1056, 2008 U.S. Dist. LEXIS 36176 (M.D. Fla. May 2, 2008); *Barthlow v. Jett*, 3:06-cv-1056, 2008 U.S. Dist. LEXIS 130545 (M.D. Fla. July 24, 2008); *Barthlow v. Jett*, 303 Fed. Appx. 723 (11th Cir. 2008); *Barthlow v. Jett*, 3:06-cv-1056, 2007 U.S. Dist. LEXIS 38606 (M.D. Fla. 2007); *Barthlow v. Jett*, 3:06-cv-1056, 2008 U.S. Dist. LEXIS 63590 (M.D. Fla. August 20, 2008); *Barthlow v. Jett*, 2006 Fla. App. LEXIS 11073 (Fla. Ct. App. 2006); *Barthlow v. Jett*, 926 So.2d 1272 (Fla. Ct. App. 2006); *Barthlow v. Jett*, 2006 Fla. App. LEXIS 7390 (Fla. Ct. App. 2006); *Barthlow v. Jett*, 913 So.2d 600 (Fla. Ct. App. 2005).

In addition to Tsupko citing another non-existent case, as discussed above, his response indicates the use of AI. Specifically, in arguing that the case before the Court and the Hamilton County Case are not parallel, Tsupko states, "[a]pplying [the *Huon*] test here, the federal and state cases (if any) are not truly parallel [Plaintiff can insert distinguishing facts here, e.g. the parties or claims differ]." (Filing No. 58 at 7).

The Court has already admonished Tsupko and struck his response containing non-existent case law (Filing No. 56). Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part:

8

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . .
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . . .

Fed. R. Civ. P. 11(b).

The Court **admonishes** Tsupko one final time that he is not excused from compliance with procedural rules, *see Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with the procedural rules"), and any further non-compliance with all applicable Federal Rules of Civil Procedure and the Local Rules of this Court will result in sanctions against him which may include dismissal of this case.

## IV.    CONCLUSION

For the reasons stated above, the Motion to Dismiss or Stay Proceedings (Filing No. 52) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **granted** as to Kinetic's alternative request to abstain from exercising jurisdiction and stay proceedings. The Motion is **denied** as to dismissal for failure to state a claim under Rule 12(b)(6), subject to re-filing pending the outcome of the state litigation. Accordingly, these proceedings are **STAYED** pending the resolution of the Hamilton County Case. The parties are **DIRECTED** to notify the Court **within 14** days of when the Hamilton County Case is disposed.

In addition, Tsupko's Motion to Strike and Request for Sanctions (Filing No. 57) is **DENIED**. Tsupko is **ADMONISHED** for a final time that any further citations to non-existent case law will result sanctions, including possible dismissal of this action.

**SO ORDERED**.

Date:    9/17/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

Distribution:

VICTOR TSUPKO
11247 Ramrod Rd
Woodbridge, VA 22192

Gregory A. Schrage
Church Church Hittle & Antrim
gschrage@cchalaw.com